UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON , <br><br> Plaintiff, <br><br> v. <br><br> THE GOVERNMENT OF THE DISTRICT OF COLUMBIA OAG/CHILD SUPPORT SERVICES DIVISION, <br><br> Defendants. | 1:07-cv -01447 |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant District of Columbia responds in like-numbered paragraphs as follows:

### THE COMPLAINT

1.   The District admits that the plaintiff is a District of Columbia government employee. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, the District denies the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.    The allegations in paragraphs 2 and 3 are legal conclusions to which no response is required.

## PARTIES

4.    The District admits that the plaintiff has been employed with the District Government since November 11, 1999.  Further answering, this defendant can neither admit nor deny the remaining allegations in paragraph 4 because it lacks first hand knowledge as to where plaintiff actually resides.

5.    The allegations in paragraph 5 contain legal conclusions to which no response is required.

## FACTUAL STATEMENTS

6.–7.    The District admits the allegations in paragraphs 6 and 7.

8.    The District admits that the plaintiff was not promoted to the supervisory position she applied for.  The District denies the remaining allegations in paragraph 8.

9.    The District admits that plaintiff was not promoted to the Intake Supervisory position. Further answering, the defendant is without sufficient information to either admit or deny the remaining allegations in paragraph 9.  To the extent a response is required, this defendant denies the allegations.

10.-11.    The District denies the allegations contained in paragraphs 10 and 11.

12.    The District admits that the plaintiff was asked and subsequently agreed to work in a different cubicle and answer the agency's Lottery Line.  The District denies the remaining allegations in paragraph 12.

13.    The District denies the allegations contained in paragraph 13.

14.     The District admits that the plaintiff was docked leave due to her continuous tardiness. Further answering, the District denies the remaining allegations.

15.     The District denies the allegations contained in paragraph 15.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.–18.  The allegations in paragraphs 16 through 18 are the legal conclusions of the pleader and/or this defendant lacks sufficient information to either admit or deny the allegations. Therefore, no response is required.  To the extent a response is required, this defendant denies the allegations.

### CLAIMS

### COUNT I

19.     The District denies the allegations contained in paragraph 19.

### COUNT II

20.     The District denies the allegations contained in paragraph 20.

Further answering, the District denies all allegations not specifically admitted herein or otherwise responded to.

### THIRD DEFENSE

Plaintiff cannot establish that any District custom, practice or policy was the moving force behind the alleged violation of his constitutional rights.

### FOURTH DEFENSE

The District cannot be held liable under a theory of respondeat superior liability for the alleged constitutional misconduct of its employees.

**FIFTH DEFENSE**

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

**SIXTH DEFENSE**

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

**SEVENTH DEFENSE**

Plaintiff may have failed to fully exhaust her administrative remedies.

**EIGHTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**NINTH DEFENSE**

Plaintiff may not have fully satisfied D.C. Official Code § 12-309.

**TENTH DEFENSE**

The statute of limitations may bar all or part of plaintiff's claims, or laches may bar this action.

**ELEVENTH DEFENSE**

This defendant had legitimate business reasons for its actions.

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

4

**SET-OFF**

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

**REQUEST AND DEMAND FOR JURY TRIAL**

The District, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award the District the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

    /s/ Eric S. Glover
ERIC S. GLOVER[1]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.