# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-cv-01447 (RMC) |
| ) | |
| THE GOVERNMENT OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, provide this report to the Court in accordance with Local Rule 16.3(d).

Statement of the Case

 Plaintiff's statement:   Plaintiff, an African American female and 59 years old, is employed as a DS-11 Child Support Enforcement Specialist at the District of Columbia Government Office of Attorney General. In June 2005, Ms. Faison applied for a Customer Service Supervisor position, but was denied the position and the position was awarded to a female in her late 20's, who was less qualified than Ms. Faison.  Previously, in December 2004, Ms. Faison applied for an Intake Analyst position at the Agency and was not selected and the position was awarded to a young female in her 20's.  Ms. Faison also alleges she was denied an opportunity to work as a team leader, and improperly charged leave when she arrived at work within an allotted grace period.  Ms. Faison alleges discrimination in violation of the Age Discrimination in Employment Act.

1

Defendant's statement: Defendant denies that the plaintiff, Ms. Greta Faison, was discriminated against due to her age in violation of the Age Discrimination Act. The plaintiff did not receive the Customer Service Supervisor position or the Intake Analyst position because there were more qualified candidates who applied for said positions. Also, defendant denies that the plaintiff was denied an opportunity to work as a team leader due to her age. Further, the plaintiff was charged leave as a result of consistently arriving to work out side of the allotted grace period.

Matters to be addressed under Rule 16.3(c):

1. Dispositive motion: Defendant believes this case may be disposed of by dispositive motion after discovery; plaintiff anticipates filing a response to a dispositive motion.

2. Joinder, amendments, narrowing of issues: No other parties are anticipated. Plaintiff requests thirty days to file an amended complaint. Defendant also requests thirty days from the initial scheduling conference to file an amended complaint.

3. Magistrate judge: The parties do not agree concerning assignment to a magistrate judge for any purposes. The defendant does not object to having this matter assigned to a magistrate judge for the purposes of discovery disputes and/or for mediation.

4. Possibility of Settlement: The Plaintiff believes there is a possibility of settlement. The defendant believes that it is premature to predict whether there is a realistic possibility of settling this case.

5. Alternative Dispute Resolution: The parties are of the opinion that the case could

benefit from mediation. The defendant believes that the Court's ADR may be appropriate after the close of discovery.

6.   Motions:  The parties request that dispositive motions should be filed within forty-five days of the close of discovery.  Oppositions should be filed thirty days thereafter and replies filed within fifteen days of the oppositions.

7.   Initial Disclosures:  The parties agree to dispense with initial disclosures.

8.   Discovery: The parties agree to allow 120 days for discovery.  The Plaintiff anticipates the need for more than seven depositions, 33 interrogatories, and 25 document requests apiece.  No unusual discovery issues are anticipated. The defendants request that each party be limited to 25 interrogatories and ten (10) depositions, and that the duration of each deposition shall be limited to (1) day or seven (7) hours, whichever is greater.

9.   Experts:  The parties anticipate the need for expert witnesses with regard to medical and economic issues. The defendant request that the plaintiff designates his expert (s) on or before April 23, 2008 and that the Reports be provided at the time of designation.  The defendant will designate its expert on May 23, 2008 and will provide the Reports at the same time.

10.   Class Actions:  N/A.

11.-13. Trial:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a trial date be scheduled for 30-60 days after the pretrial conference date.  The defendant do not seek bifurcation at this time, however it reserves the right to seek bifurcation at the close of discovery if appropriate.  The defendant requests that the

Pre-trial Conference be scheduled at least 30 days after the Court's ruling on any filed dispositive motion. The defendant requests that a firm trial date be set at the pre-trial conference.

Respectfully submitted,

By: _____/s/_____
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805 (phone)
(202) 785-0289 (facsimile)
dablaw@erols.com
Attorney for Plaintiff

_____/s/_____

Eric Glover
Assistant Attorney General
District of Columbia
441 4$^{th\ h}$ Street, N.W.
Washington, D.C. 20001
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GRETA FAISON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | Civil Action No. 07--CV-1447 |
| v. ] | |
| ] | |
| **DISTRICT OF COLUMBIA,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |

**DEFENDANT DISTRICT OF COLUMBIA'S PROPOSED SCHEDULING ORDER**

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, its is on this _____ day of _____, 2008, hereby

ORDERED: that the following schedule shall govern the proceedings of this case:

1. All additional parties shall be joined and all amendments to pleadings completed within 30 days of the Scheduling Conference, or on or before March 14, 2008.

2. All discovery shall be completed by June 14, 2008.

3. Each side may conduct __ depositions, and propound __ interrogatories to the other side.

4. Expert discovery shall be completed by the close of discovery as follows:

(a) Plaintiff's experts shall be identified and expert reports disclosed as described by Fed. R. Civ. P. 26(a)(2)(B) on or by April 23, 2008.

(b)     Rebuttal experts, as described by Fed. R. Civ. P. 26(a)(2)(C) shall be identified and rebuttal reports disclosed 30 days after plaintiff's disclosures of experts, or by May 23, 2008.

(c)     Depositions of all experts shall be completed by June 16, 2008, the close discovery.

5.     Any motions for summary judgment shall be filed by no later than 30 days after the close of discovery, or by July 29, 2008, whichever is the later.  Any opposition shall be filed no later than 30 days after filing of the initial motion.  A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

6.     The pretrial conference shall be held within 30 days of the Court's ruling on a motion(s) for summary judgment.  If no motion for summary judgment is filed, the pretrial conference shall be held within 30 days after the close of discovery.

7.     The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED

_____
ROSEMARY M. COLLYER
United States District Court