UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON,                                )<br>                                                          )<br>            Plaintiff,                           )<br>                                                          )         Civil Action No.  07-01447 (RMC)<br>    v.                                               )         Judge Rosemary Collyer<br>                                                          )<br>DISTRICT OF COLUMBIA, *et al.*,  )<br>                                                          )<br>            Defendants.                      )<br>_____)  | |

### DEFENDANT DISTRICT OF COLUMBIA'S PARTIAL CONSENT MOTION FOR PROTECTIVE ORDER

Defendant District of Columbia, by counsel and pursuant to Fed. R. Civ. P. 26(c), moves this Court for the entry of a protective order which governs the disclosure and use of confidential information, more specifically, the personnel file of a District employee who competed for and was selected for the position which is the subject of this litigation, and any notes made during the interviews of persons for that position. The District does not believe that the personnel files of those persons who conducted the interviews and plaintiff's supervisors are relevant to this Court action.

The grounds for this Motion are more fully set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

                                              Respectfully submitted,

                                              PETER J. NICKLES
                                              Acting Attorney General for the District of
                                              Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General
                                              Civil Litigation Division

    /s/_____
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

 /s/__Eric S. Glover_____
ERIC S. GLOVER
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295

## CERTIFICATE PURSUANT TO RULE 7(m)

I hereby certify that on June 16, 2008, contacted plaintiff's counsel to obtain consent to the relief sought in this motion. As of the filing of this motion I have not received plaintiff's counsel's consent.

    /s/__Eric S. Glover_____
Eric S. Glover
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREta FAISON,       )<br>                             )<br>     Plaintiff,       )<br>                             )<br>     vi.                 )<br>                             )<br>DISTRICT OF COLUMBIA, *et al.*,  )<br>                             )<br>     Defendants.       )<br>_____) | Civil Action No. 07-01447 (RMC)<br>Judge Rosemary Collyer |

DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER

In support of its Motion for Protective Order, defendant District of Columbia (hereinafter "the District"), hereby states as follows:

1) Plaintiff, Greta Faison, has filed suit against the District of Columbia alleging that she was discriminated and retaliated against due to age during her employment with the District of Columbia. *See* Complaint, generally. Specifically the plaintiff claims that while employed with the District of Columbia as a Child Support Enforcement Specialist in the Child Support Services Division she was denied promotions because of her age. *See* id.

2) On May 7, 2008, the Plaintiff served the District with her First Set of Interrogatories and Requests for Production of Documents on the District. While many of Plaintiff's discovery requests lack relevance, they require the disclosure of confidential and/or privileged information for which this Defendant now seeks protection. See Plaintiff's Discovery Requests at Exhibit A.

3)      Fed. R. Civ. P. 26(b)(1) provides that "a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . ." Plaintiff seeks the production of personnel files of District employees. The District believes that the records of these individuals are precluded from disclosure by this defendant absent the affected employees' consent and/or by Court Order, neither of which it has. D.C. Official Code § 1-631.01 provides that all official personnel records of the District government shall be established, maintained, and disposed of in a manner designed to ensure the greatest degree of applicant or employee privacy….); § 1-631.03 (It is the policy of the District government to make personnel information in its possession or under its control available upon request to appropriate personnel and law-enforcement authorities, except if such disclosure would constitute an unwarranted invasion of personal privacy or is prohibited under law or rules and regulations issued pursuant thereto); § 2-534(a) (The following matters may be exempt from disclosure under the provisions of this subchapter: (2) Information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy). *See also* D.C. Personnel Reg. § 31A District Personnel Manual §§ 3102.01 3111.6j, 3113.1 and 3113.2.

4)      In order to meet her burden of proof, plaintiff is entitled to comparator information/evidence. While the personnel records of the employee who interviewed and/or was selected to fill the position for which plaintiff interviewed, and for which is the subject of this litigation is relevant to her claims, the personnel records of the interview panel, plaintiff's supervisors and other non-party employees are not relevant.

5) Fed. R. Civ. P. 26(c) provides that the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including on or more of the following:

"(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery…

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…."

While the District believes that comparator information is relevant, it seeks to preclude non-comparator information and personnel records of the interview panel, plaintiff's supervisors and other non-party/irrelevant witnesses.

WHEREFORE, defendant District of Columbia requests this Court to grant its motion for a protective order.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/_____
PATRICIA A. JONES [428132 ]
Chief, General Litigation, Section IV

 /s/  Eric S. Glover_____
ERIC S. GLOVER
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, )<br>)<br>     Plaintiff, )<br>) <br>     vii. )<br>) <br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>     Defendants. )<br>_____) | Civil Action No. 07-01447 (RMC)<br>Judge Rosemary Collyer |

**ORDER**

Upon consideration of Defendant District of Columbia's Partial Consent Motion for Protective Order, plaintiff's response thereto, and the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED: that the District's Motion is GRANTED for the reasons set forth therein, and it is,

FURTHER ORDERED: that the District is not required to produce the personnel records of plaintiff's supervisors, the interview panel members, and non-comparator District of Columbia employees; and it is,

FURTHER ORDERED: that this Order will govern Confidential Information, i.e. personnel records of District personnel whether produced by any party or non-party; and it,

FURTHER ORDERED: that the District of Columbia is allowed to produce the personnel records for its employee who interviewed and/or were selected for the positions for which plaintiff was not hired, and that are relevant to the claims set forth in plaintiff's Amended Complaint; and it is,

6

FURTHER ORDERED:  that the information or documents relating to the personnel record(s) of District personnel, not including plaintiff's supervisors, the interview panel, and/or non-comparator employees, may be produced and may only be designated as CONFIDENTIAL by the person who produced the information and/or documents to be designated as CONFIDENTIAL.

FURTHER ORDERED:  The inspection, copying and use of the personnel record(s), including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) Plaintiff's attorney (**not the plaintiff**) and the defendant;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

      (h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

      (i) Any insurer or indemnitor of a party or their counsel; and

      (j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent.

FURTHER ORDERED: Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

    "CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

FURTHER ORDERED: Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel.

FURTHER ORDERED: At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the

parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record.  This Court shall retain jurisdiction over the parties for enforcement of this Protective Order.

    SO ORDERED.

_____
JUDGE,
U.S. District Court for the District of Columbia

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-cv-01447 (RMC) |
| ) | |
| THE GOVERNMENT OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's First Set of Interrogatories and Request for Production of Documents**

COMES NOW, the Plaintiff, Greta Faison, by and through counsel, and requests answers to the interrogatories and requests for documents propounded within 30 days.

(a) These interrogatories and requests for documents are continuing in character, so as to require you to file supplemental answers if you obtain further or different information before trial.

(b) Where the name or identity of a person is requested, please state the full name, home address and business address of that person.

(c) Unless otherwise indicated, these interrogatories and requests for documents refer to the time place, and circumstances of the occurrence mentioned or complained of in the pleadings.

(d) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agent, representatives, and unless privileged, the attorneys. When an answer is made by the agency, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

The pronoun "you" refers to the party to whom the interrogatories are addressed and the persons mentioned in clause (d).

1

# INTERROGATORIES

**Interrogatory 1:**
   Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the complaint of discrimination.

ANSWER:

**Interrogatory 2:**
   For each person identified in response to Interrogatory No.1 above, state the facts that you contend are known to each person.

ANSWER:

**Interrogatory 3:**
   For each fact set forth in response to Interrogatory No.1 above, identify any and all documents that describe, support, or otherwise reflect the facts known to each person.

ANSWER:

**Interrogatory 4:**
   Describe in detail the selection process for the positions of Supervisory Management Intake Analyst in 2004-2005 and Supervisory Management Customer Service Analyst in 2004-2005, including how the vacancies became available, the duties of the positions, any rating or ranking or evaluating of the candidates, all individuals considered for the positions, and the background and experience of all individuals involved in the selection process.

**Interrogatory 5:**
   Describe in detail how the individuals selected for the positions in question were better qualified than the Plaintiff, and how that determination was made.


ANSWER:

**Interrogatory 5:**
   Describe in detail the positions held and the duties performed by the individuals selected for the Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst.

ANSWER:

**Interrogatory 6:**

2

List all of the requirements, duties and qualifications for the position held by Plaintiff in 2004 and 2005, and list the requirements, duties and qualifications for the positions held by individuals selected for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst.

ANSWER:

**Interrogatory 7:**
Identify by name, address, telephone number, and date of birth, each individual who applied for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions, and indicate the date of application, if the individual was offered and accepted the positions, and the reason the individual was not selected. Also identify by name, date of birth and position, each employee involved in the selection process and describe in detail any personal or professional relationship between any applicant and employee involved in the selection process.

ANSWER:

**Interrogatory 8:**
Describe in detail the Defendant's policies, practices and personnel or Union regulations from 2005 to the present on how applicants are screened for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

ANSWER:

**Interrogatory 9:**


Identify and describe in detail all evidence which substantiates Defendant's claim that Plaintiff was not qualified for the Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

ANSWER:

**Interrogatory 10:**

Identify the background, date of birth, qualifications and management experience of all applicants and selectees for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

ANSWER:

**Interrogatory 11:**

Identify any and all formal and informal complaints made by employees against individuals involved in the selection of the Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

ANSWER:

**Interrogatory 12:**

Identify by name, position and date of birth all individuals who were hired or promoted in the Office of Attorney General Child Support Services Division from 2000 through the present.

ANSWER:

**Interrogatory 13:**

Identify by name, position and date of birth all individuals who were terminated or resigned from their positions in the Office of Attorney General Child Support Services Division from 2000 through the present.

ANSWER:

**Interrogatory 14:**

Describe in detail the policy in the Child Support Services Division on when an employee may be charged leave for late arrivals.

ANSWER:

**Interrogatory 15:**

Identify all instances when the Plaintiff was charged with leave for arriving late at work from 2003 through the present, and include the dates and amount of leave charged to the employee.

ANSWER:

**Interrogatory 16:**

Identify all instances when employees in the Child Support Services Division were charged with leave for arriving late at work from 2003 through the present, and include dates and names.

ANSWER:

REQUESTS FOR DOCUMENTS

1. All documents or electronic mail identified or relied upon in your Answers to Interrogatories.

2. All documents or other tangible evidence which you intend to introduce at trial on this matter.

3. All documents which in any way refer to the Plaintiff, and the individuals involved in the non selection of Plaintiff for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions, including the complete personnel files of Plaintiff, Rocelia Johnson, Jennifer Longmeyer-Wood, and the individuals involved in the non selection of Plaintiff.

4. The applications and interview notes of all individuals who applied for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions, and the complete personnel files of all individuals who were selected for positions.

5. All documents which in any way refer to the Plaintiff, and the individuals involved in the non selection of Plaintiff for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions which support, evidence, relate, or otherwise pertain to job performance, awards, or discipline, or selection for the position in question.

6. All documents, which support, evidence, relate or otherwise pertain to any and all personnel policies of the Defendant in effect during the period of employment of Plaintiff including but not limited to:
   (a) Internal complaint or grievance procedures
   (b) Equal Employment Opportunity (EEO) policies
   (c) Application, Interview, and Selection Process
   (d) Promotions

7. Any and all documents relating to the recruitment and selection file for the Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

8. Any and all documents relating to interviews for the Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

9. Any and all documents detailing compensation paid to all individuals selected for Supervisory Management Intake Analyst and Supervisory Management Customer Service Analyst positions.

10. The personnel files of all individuals hired or promoted in the Child Support Services Division between 2000 and the present.

11. The personnel files of all individuals who were terminated or resigned from their positions in the Child Support Services Division between 2000 and the present.

12. The personnel files of all employees in the Office of Attorney General Child Support Services Division, who worked under the supervision of Ms. Rice from 2000 through the present, including name, date of birth, positions held, titles, performance evaluations received, resumes, bonuses, and quality step increases.

Respectfully submitted,

By:    /s/ David A. Branch
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805 (phone)
(202) 785-0289 (facsimile)
dablaw@erols.com
Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 7th of May 2008, that a copy of the foregoing Plaintiff's First Set of Interrogatories and Requests for Production of Documents was sent electronically to counsel for Defendant listed below:

Eric Glover
Assistant Attorney General
District of Columbia
441 4th h Street, N.W.
Washington, D.C. 20001

/s/ David A. Branch
David A. Branch