# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GOVERNMENT OF THE )<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Case No.: 07-cv-01447 (RMC) |

### Plaintiff's Opposition to Motion for Protective Order

Comes now the Plaintiff, by and through counsel, and files this opposition to Defendant's Partial Consent Motion for Protective Order, and in support thereof states as follows.

Background

On August 10, 2007, Ms. Faison filed a pro se complaint alleging discrimination based on her age and retaliation, arising from her non-selection for two positions in the Defendant District of Columbia Child Support Services Division, and discrimination in denial of opportunities to serve as Team Leader and Office Liaison and taking away 45 to 50 hours of her accumulated leave, among other things. See Complaint at 7, 9, 11 and 14. On May 7, 2008, Plaintiff served written discovery on the Defendant. On June 9, 2008, the court vacated a prior scheduling order and established new deadlines for Defendant to respond to discovery, and Plaintiff to submit an expert report, and Defendant to designate an expert. Defendant requested and was granted until June 26,

1

2008 to respond to the outstanding discovery. On or before June 26, 2008, Defendant requested and was granted an extension until July 17, 2008 to respond to discovery.

Two days before July 17, 2008, Defendant's counsel advised Plaintiff's counsel that he would need a protective order to produce certain personnel records. Plaintiff's counsel advised Defendant's counsel that he would consent to a protective order for certain personnel records but he would need to see the proposed order before consenting to it. Defendant's counsel did not forward a protective order for Plaintiff's counsel to review.

On July 17, 2008, Defendant's counsel file a Partial Consent Motion for Protective Order. In that motion, Defendant's counsel argues that Plaintiff's discovery requests require the disclosure of confidential or privileged information for which the Defendant seeks protection. Defendant's counsel also indicated that he did not believe that some of the information sought during discovery was relevant, without specifically identifying that information. (Defendant's counsel has also filed a motion to strike Plaintiff's expert even though discovery was extended to permit Defendant to provide information on the various selections to be provided to Plaintiff's expert, and Defendant has not provided any information on the selectees for the various positions sought by Plaintiff).

On July 21, 2008, Plaintiff received by mail Defendant's incomplete responses to Plaintiff's discovery requests. Defendant failed to provide even the most basic information, such as a complete response to Interrogatory No. 4, which requested a description of the selection process for the positions sought by Ms. Faison, duties of the positions, rating and ranking of candidates, and the background and experience of the

individuals involved in the selection process.  In response to this interrogatory, Defendant referred Plaintiff to D.C. Personnel regulations.

In response to the discovery requests, Defendant produced eight documents as attachments: 1) Portions of Ms. Faison's personnel file; 2) Notes from the interview of Ms. Faison for the Supervisory Management Analyst position; 3) and 4) D.C. Personnel Regulations Chapters 8 and 38; 6) D.C. Office of Attorney General Timeliness Policy and D.C. Office of Attorney General  EEO Policy;  7) Vacancy Announcement for a Supervisory Management Analyst position dated December 13, 2005 (after Ms. Faison's complaint); and 8) a redacted selection certificate with only Ms. Faison's name listed as a candidate.  Defendant has now taken the position that it has responded to discovery, except providing the personnel file of one of the selectees, and it will do so when there is a protective order.

Argument

Defendant's motion for a protective order should be denied.  Defendant appears to be confusing two different types of protective orders.  The District seems to be asking the court for a protective order because it has to disclose personnel information, and in the proposed order of the motion, the District also seems to be asking the court for a protective order to prevent it from responding to some of the discovery requests.  Plaintiff has no objection to a protective order to the extent it seeks to protect the confidentiality of certain personnel records, with one exception.  Plaintiff objects to a provision in the proposed protective order because as drafted it would prevent the Plaintiff from reviewing the documents produced in discovery.  Plaintiff has a right to review all documents produced in discovery to assist in the preparation of her case.

To the extent, Defendant seeks a protective order to prevent it from responding fully to discovery, Plaintiff opposes such a motion, and such a request must be denied. First, Defendant is required to identify each specific discovery request that it objects to and the reason for the objection. It has not done so. Defendant has taken the position that Plaintiff is only entitled to receive the personnel file of one of the selectees, even though she specifically identified two positions she sought in her complaint.

Further, Defendant's discovery responses are woefully inadequate. The discovery responses provided by the Defendant are almost useless and completely non-responsive to the discovery requests. Defendant has not provided even the interview notes from the selectees, or any ranking or rating of the candidates. Plaintiff's discovery requests were carefully tailored to obtain relevant information, first to provide to Plaintiff's expert to make a relative determination of the qualifications of the applicants, and to determine if there was any bias against older workers. Plaintiff may establish her case in a number of ways, including bias by selectees; bias in the selection of younger employees for various positions in the office; deficiencies in the selection process; evidence of younger employees being promoted despite qualifications; statistical disparities in promotions of younger employees; subjective hiring criteria; and a shifting articulation for Ms. Faison's non selection for the positions sought. See generally Jones v. Mukasey, No. 04-941 (ESH) (July 10, 2008) (discussing various ways to establish disparate treatment and impact cases). Plaintiff cannot begin to do this without the Defendant providing complete responses to discovery.

Plaintiff requests that the motion for a protective order be denied to the extent it seeks protection from complying with Plaintiff's discovery requests, and Defendant be

4

ordered to immediately comply with the discovery requested by Plaintiff. Alternatively, Plaintiff requests Defendant be ordered to file a proper motion for a protective order, after conferring with Plaintiff's counsel, and explaining why it has not complied with the discovery requests.

Respectfully submitted,

By:    /s/ David A. Branch
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805 (phone)
(202) 785-0289 (facsimile)
dablaw@erols.com
Attorney for Plaintiff

**Certificate of Service**

I hereby certify this 22nd day of July 2008, that a copy of the foregoing Plaintiff's Opposition to Defendant's Partial Consent Motion for Protective Order sent electronically to counsel for Defendant listed below:

Eric Glover
Assistant Attorney General
District of Columbia
441 4th h Street, N.W.
Washington, D.C. 20001

   /s/ David A. Branch
David A. Branch