## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GOVERNMENT OF THE )<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Case No.: 07-cv-01447 (RMC) |

## DEFENDANT'S REPLY TO PLAINTIFFS OPPOSITION TO ITS MOTION FOR A PROTECTIVE ORDER

The Defendant, District of Columbia (hereinafter "The District"), by and through counsel, files this Reply to the Plaintiff's Opposition to its Partial Consent Motion for a Protective Order, and hereby states as follows:

1.  Plaintiff, Greta Faison, has filed suit against the District of Columbia alleging that she was discriminated and retaliated against due to age during her employment with the District of Columbia. *See* Complaint, generally. Specifically, the plaintiff claims that while employed with the District of Columbia as a Child Support Enforcement Specialist in the District of Columbia, Office of the Attorney General Child Support Services Division (hereinafter CSSD), she was denied promotions because of her age. *See* id.

2.  As part of her discovery requests, plaintiff seeks the personnel records of other District employees. On July 17, 2008, the District filed a Motion for Protective Order governing the disclosure and use of the personnel records/information of the individual(s) who applied for and received the position the plaintiff applied for and which

purportedly forms the basis of her lawsuit. The District also sought an order of protection precluding the disclosure of the personnel records/information of the members of the panel that interviewed the plaintiff for the position, and the plaintiff's supervisors. See Docket Entry at No. 16.

       3.     Plaintiff opposes the District's Motion for a Protective Order with the Court. While she agrees that a protective order should be in place prior to the District's disclosure of its employees' personnel records, she opposes the portion of the District's proposed order which precludes her from viewing the personnel file of the individual who applied for and received the supervisory position. Plaintiff also opposes the non-production of her supervisors' and the panel interviewees' personnel records. See Plaintiff's Opposition to Defendant's Motion for a Protective Order (hereinafter "Pl. Opp'n") at 3.

       4.     Plaintiff continues to work with the employee(s) who she alleges she was discriminated in favor of. Personnel files contain social security numbers, home addresses, telephone numbers, benefit information, including life and health insurance, pay information, etc. While the District agrees that Plaintiff is entitled to personnel information relating to all those persons who applied for and were selected for the positions for which she applied, for which she was not selected, and which forms the basis of her discrimination lawsuit, the District seeks to govern the use of the requested information. Plaintiff is not entitled to personnel information for her supervisors or the interview panel as the requested information is irrelevant to the claims set forth in her Complaint. *See* Fed. R. Civ. P. 26(b)(1) noting that "a party may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim . . . ." (Emphasis

added). *See Nuskey v. Lambright,* 2008 U.S. Dist. LEXIS 44672 (D.C. C. June 10, 2008), holding that just as a personnel file need not be produced in its entirety if it contains nonresponsive information to a discrimination action, responsive information cannot be withheld merely because it is contained within a personnel file. *See also Boyd v. Reno,* No. 96-CV-2375, 1998 U.S. Dist. LEXIS 11855, 1998 WL 429676, at 15 (D.C.C. Feb. 12, 1998 (allowing limited discovery of personnel files based on relevance); and *Waters v. Capitol Police Bd.,* 216 F.R.D. 153, 164 (D.D.C. 2003) (holding plaintiff was not entitled to discovery of employees' entire personnel file and the court limited discovery to information in the files about prior bad acts indicating discriminatory intent). Plaintiff has not argued why or how her supervisors' personnel records will assist her in showing that she was not selected for promotion based on any information contained in the personal personnel records of these individuals. See Opposition, generally. Plaintiff has also not shown how the entire personnel records of the interview panel will support her claim that she was discriminated against based on her age. Absent some showing of relevancy, Plaintiff's request should be denied.

     5.     The District completely rejects the Plaintiff's insinuation that it has somehow conflated its genuine interest in protecting employee confidentiality with an underhanded attempt to avoid complying with the Plaintiff's discovery demands.[1] *See* Pl. Opp'n at 3-4. On the contrary, it is Plaintiff's counsel that seems to display some level of confusion as to what issues are now before the Court. Instead of focusing his discussion to the type of evidence addressed by the Protective Order, Plaintiff's opposition contains improper and ambiguous requests to have this Court compel the

---

[1] Although Plaintiff sought information on position titles that are non-existent, the District provided her with information for the position(s) for which it knew she applied and was not selected during the period set forth in the Complaint.

3

District to disclose all of "the discovery requested by the Plaintiff." *See* Pl. Oppn. at 4-5. These claimed discovery deficiencies do not support a denial of the requested protective order allowing or precluding disclosure, and governing the use of personnel records subject to disclosure. As this request and the arguments supporting it are beyond the scope of the motion before the Court, the District asks that the Plaintiff's contentions be disregarded.

WHEREFORE, in view of above considerations and the arguments contained in its original motion, the Defendant District of Columbia requests that the Court grant its motion for a protective order.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division


  /s/    Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


  /s/    Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9754 ; (202) 727-6295
(202) 727-3625 (fax)
eric.glover@dc.gov