IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07-cv-01447 (RMC) |
| ) | |
| THE GOVERNMENT OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Expert**

Comes now the Plaintiff, by and through counsel, and files this opposition to Defendant's Motion to Strike Plaintiff's Expert, and in support thereof states as follows.

Background

On August 10, 2007, Ms. Faison filed a pro se complaint alleging discrimination based on her age and retaliation, arising from her non-selection for two positions in the Defendant District of Columbia Child Support Services Division, and discrimination in denial of opportunities to serve as Team Leader and Office Liaison and taking away 45 to 50 hours of her accumulated leave, among other things. See Complaint at 7, 9, 11 and 14. On May 7, 2008, Plaintiff served written discovery on the Defendant. On June 9, 2008, the court vacated a prior scheduling order and established new deadlines for Defendant to respond to discovery, and Plaintiff to submit an expert report, and Defendant to designate an expert. Defendant requested and was granted until June 26, 2008 to respond to the outstanding discovery. On or before June 26, 2008, Defendant requested and was granted an extension until July 17, 2008 to respond to discovery.

1

Two days before July 17, 2008, Defendant's counsel advised Plaintiff's counsel that he would need a protective order to produce certain personnel records. Plaintiff's counsel advised Defendant's counsel that he would consent to a protective order for certain personnel records but he would need to see the proposed order before consenting to it. Defendant's counsel did not forward a protective order for Plaintiff's counsel to review.

On July 17, 2008, Defendant's counsel file a Partial Consent Motion for Protective Order. In that motion, Defendant's counsel argues that Plaintiff's discovery requests require the disclosure of confidential or privileged information for which the Defendant seeks protection. Defendant's counsel also indicated that he did not believe that some of the information sought during discovery was relevant, without specifically identifying that information. Defendant's counsel has filed a motion to strike Plaintiff's expert even though discovery was extended to permit Defendant to provide information on the various selections to be provided to Plaintiff's expert, and Defendant has not provided any information on the selectees for the various positions sought by Plaintiff.

On July 21, 2008, Plaintiff received by mail Defendant's incomplete responses to Plaintiff's discovery requests. Defendant failed to provide even the most basic information, such as a complete response to Interrogatory No. 4, which requested a description of the selection process for the positions sought by Ms. Faison, duties of the positions, rating and ranking of candidates, and the background and experience of the individuals involved in the selection process. In response to this interrogatory, Defendant referred Plaintiff to D.C. Personnel regulations.

In response to the discovery requests, Defendant produced eight documents as attachments: 1) Portions of Ms. Faison's personnel file; 2) Notes from the interview of Ms. Faison for the Supervisory Management Analyst position; 3) and 4) D.C. Personnel Regulations Chapters 8 and 38; 6) D.C. Office of Attorney General Timeliness Policy and D.C. Office of Attorney General EEO Policy; 7) Vacancy Announcement for a Supervisory Management Analyst position dated December 13, 2005 (after Ms. Faison's complaint); and 8) a redacted selection certificate with only Ms. Faison's name listed as a candidate. Defendant has now taken the position that it has responded to discovery, except providing the personnel file of one of the selectees, and it will do so when there is a protective order.

Argument

Defendant's motion to strike Plaintiff's expert should be denied. Defendant has not provided even the most basic discovery responses on the selections in question so that information can be provided to the expert. Defendant has taken the position that Plaintiff is only entitled to receive the personnel file of one of the selectees, even though she specifically identified two positions she sought in her complaint.

Further, Defendant's discovery responses are woefully inadequate. The discovery responses provided by the Defendant are almost useless and completely non-responsive to the discovery requests. Defendant has not provided even the interview notes from the selectees, or any ranking or rating of the candidates. Plaintiff's discovery requests were carefully tailored to obtain relevant information, first to provide to Plaintiff's expert to make a relative determination of the qualifications of the applicants, and to determine if there was any bias against older workers. Plaintiff may establish her case in a number of

3

ways, including bias by selectees; bias in the selection of younger employees for various positions in the office; deficiencies in the selection process; evidence of younger employees being promoted despite qualifications; statistical disparities in promotions of younger employees; subjective hiring criteria; and a shifting articulation for Ms. Faison's non selection for the positions sought.  See generally Jones v. Mukasey, No. 04-941 (ESH) (July 10, 2008) (discussing various ways to establish disparate treatment and impact cases).  Plaintiff cannot present an expert report until Defendant responds to discovery.

      Plaintiff requests that the motion to strike be denied.

                                  Respectfully submitted,

By:    */s/ David A. Branch*
      David A. Branch #438764
      Law Office of David A. Branch, P.C.
      1825 Connecticut Avenue, NW #690
      Washington, D.C.  20009
      (202) 785-2805 (phone)
      (202) 785-0289 (facsimile)
      dablaw@erols.com
      Attorney for Plaintiff

**Certificate of Service**

    I hereby certify this 31st day of July 2008, that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Strike was sent electronically to counsel for Defendant listed below:

Eric Glover
Assistant Attorney General
District of Columbia
441 4th h Street, N.W.
Washington, D.C. 20001

                                  */s/ David A. Branch*
                                  David A. Branch