UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRETA FAISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-01447 (RMC) |
| vii. ) | Judge Rosemary Collyer |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

Upon consideration of Defendant District of Columbia's Partial Consent Motion for Protective Order, plaintiff's response thereto, and the entire record herein, it is this 12 day of August, 2008, hereby:

ORDERED: that the District's Motion is GRANTED for the reasons set forth therein, and it is,

FURTHER ORDERED: that the District is not required to produce the personnel records of plaintiff's supervisors, the interview panel members, and non-comparator District of Columbia employees; and it is,

FURTHER ORDERED: that this Order will govern Confidential Information, i.e. personnel records of District personnel whether produced by any party or non-party; and it,

FURTHER ORDERED: that the District of Columbia is allowed to produce the personnel records for its employee who interviewed and/or were selected for the positions for which plaintiff was not hired, and that are relevant to the claims set forth in plaintiff's Amended Complaint; and it is,

FURTHER ORDERED: that the information or documents relating to the personnel record(s) of District personnel, not including plaintiff's supervisors, the interview panel, and/or non-comparator employees, may be produced and may only be designated as CONFIDENTIAL by the person who produced the information and/or documents to be designated as CONFIDENTIAL.

FURTHER ORDERED: The inspection, copying and use of the personnel record(s), including documents or portions thereof, which are designated as CONFIDENTIAL in accordance with this Protective Order, shall be subject to this Protective Order, and access to and disclosure of such information shall be limited to:

(a) The Court, the Court's staff and such other personnel as the Court may authorize;

(b) The attorneys of record for the parties herein;

(c) Secretaries, paralegal assistants and clerical personnel who are engaged in assisting counsel in these actions;

(d) Plaintiff's attorney **(not the plaintiff)** and the defendant;

(e) Any person identified as a signatory, author, addressee or recipient of such information;

(f) Qualified persons taking testimony involving such information or documents and necessary stenographic and clerical personnel thereof;

(g) Consultants and experts consulted or retained by any party for the purpose of assisting in the conduct of this litigation, subject to such person's compliance with the provisions of Paragraph 7 of this Protective Order;

(h) Any deponent, witness or potential witness, provided that any such person shall be advised of the terms of this Protective Order and agree to be bound by it;

(i) Any insurer or indemnitor of a party or their counsel; and

(j) Any other person who has a need for the information as determined in writing by the party producing the information, or as the Court may order. The party producing the information will not unreasonably withhold consent.

FURTHER ORDERED: Any information that has been designated CONFIDENTIAL, including any portion of a document that quotes Confidential material that is to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which the following shall be written: the caption of this action, a generic designation of the contents of such sealed envelope or other container, and the words:

"CONFIDENTIAL - FILED UNDER SEAL - SUBJECT TO COURT ORDER"

FURTHER ORDERED: Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any information or documents on any ground, including, without limitation, lack of timeliness of the request, lack of relevance, lack of materiality, privilege, including but not limited to attorney-client, deliberative process and/or law enforcement privilege, and/or work product of counsel.

FURTHER ORDERED: [This Order will not control the presentation of Confidential material at trial.] At the conclusion of this litigation, and after the exhaustion of any appeals, this Protective Order shall continue to be binding upon the

parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and that has not properly become a matter of public record. This Court shall retain jurisdiction over the parties for enforcement of this Protective Order.

SO ORDERED.

*Rosemary M. Collyer*
JUDGE,
U.S. District Court for the District of Columbia

12 August 2008